**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2093
_____

UNITED STATES OF AMERICA

v.

ROBERT BOCZKOWSKI,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 3-06-cr-00339-1)
District Judge:  Hon. Richard P. Conaboy

_____

Submitted under Third Circuit LAR 34.1 (a)
July 16, 2009

Before:  RENDELL, FUENTES and ROTH, Circuit Judges

(Opinion filed May 6, 2010)

_____

O P I N I O N

_____

**ROTH,** Circuit Judge:

Robert Boczkowski appeals from the District Court's judgment of sentence of 121

months imprisonment after pleading guilty to receiving child pornography, in violation of

18 U.S.C. § 2252(a)(2).  The District Court had jurisdiction under 18 U.S.C. § 3231.  We have jurisdiction under 28 U.S.C. § 1291.  Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision.  For the reasons discussed below, we will affirm.

Boczkowski attacks his sentence on two grounds.  First, he argues that the District Court erred in imposing an unreasonable sentence.  We exercise plenary review of the District Court's interpretation and application of the Sentencing Guidelines.  *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).  "The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)."  *Id.* at 571 (internal quotation marks omitted).

Here, the record indicates that the District Court reasonably considered and applied the relevant § 3553(a) factors in determining Boczkowski's sentence.  Specifically, the District Court considered both the horrific nature of the images, which caused continual victimization of innocent children, and the favorable factors, including Boczkowski's age, employment history, and family background.  Furthermore, the sentence was within the guidelines range, which was 97 to 121 months.[1]

---

[1] We note an unexplained discrepancy concerning the sentencing range.  At the sentencing hearing, the District Court indicated that it would grant an upward departure from the guidelines, resulting in a range of 121-151 months.  But in the court's written statement of reasons for the sentence, the court listed the range as 97-121 months.  While this

2

Second, Boczkowski argues that the government breached the plea agreement by asking the District Court to impose an upward variance in the sentence. He contends that, because the plea agreement stated that his offense involved "600 or more images," he was "entitled to assume that the government was not intending to seek an enhancement of sentence because of the volume of images on his computer." We exercise plenary review of a claim that the government breached a plea agreement. *United States v. Hodge*, 412 F.3d 479, 485 (3d Cir. 2005). Plea agreements are analyzed under contract-law standards. *United States v. Williams*, 510 F.3d 416, 423–24 (3d Cir. 2007).

Boczkowski's argument fails because nothing in the plea agreement restricted the government's right to ask for an upward variance in sentencing based on the number of images. Indeed, paragraph eleven of the plea agreement allowed the government "to recommend a sentence up to and including the maximum sentence of imprisonment," which was twenty years, or 240 months, imprisonment.

Accordingly, we will affirm the District Court's judgment of sentence.

---

discrepancy is perplexing, it is ultimately irrelevant because Boczkowski's sentence of 121 months is reasonable whether viewed as an upward departure (based in part on the quantity and nature of the images involved) or as a sentence at the upper end of the guidelines range.